**David S. GRADELESS, Petitioner–Appellant,**

v.

**John DEUTH, Respondent–Appellee.**

No. 01–1080.

United States Court of Appeals,
Seventh Circuit.

Submitted April 18, 2002 *.

Decided April 19, 2002.

---

Before POSNER, EASTERBROOK, RIPPLE, Circuit Judges.

ORDER

Indiana prisoner David Gradeless petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2254, arguing that a prison disciplinary board denied him due process when without sufficient evidence it reprimanded him for entering into an unauthorized contract. The alleged contract was for a subscription to *Men* magazine, unauthorized because the subscription was not prepaid, and evidenced by the publisher's letter to "Dave Gradelss" demanding payment and a guard's conduct report claiming that Gradeless wrote "Bill me later" on the magazine order form. The district court initially denied the petition because Gradeless had not described an infringement of a constitutionally protected liberty interest, *see Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), but when Gradeless asserted that the reprimand prevented him from moving out of credit-earning Class III where he earned no good time, *see* Ind.Code §§ 35–50–6–3 and 35–50–6–4 (2000), the court

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

revised its order under Federal Rule of Civil Procedure 59(e) to conclude instead that there existed "some evidence" to support the disciplinary conviction. Gradeless appeals, and we affirm.

We note at the outset that we have yet to address whether § 2254 or the Due Process Clause are implicated where an inmate alleges only that a prison decision caused his *retention in,* rather than *demotion to,* a particular credit-earning class. The closest we have come is *Montgomery v. Anderson,* 262 F.3d 641 (7th Cir.2001), in which we held that 1) "any decision," including reducing a prisoner's credit-earning class, "that determines the fact or duration of state custody may ... be challenged under § 2254," and 2) Indiana prisoners must be afforded due process before being promoted to a lower credit earning class. *Id.* at 643–45. But we need not resolve whether a reprimand that caused Gradeless's retention in the lowest credit-earning classification "determined" the duration of his custody, such that § 2254 was available, or deprived him of constitutionally protected "liberty" or "property," such that some process was due, because neither party argues the point and Gradeless's due process claim fails regardless. *See Sylvester v. Hanks,* 140 F.3d 713, 714–15 (7th Cir.1998).

Among other due process requirements not at issue here, a prison disciplinary decision must at most be supported by "some evidence." *See Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The "some evidence" standard requires only that the decision not be arbitrary or without support in the record. *Id.* at 455–56; *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). Contrary to Gradeless's assertions, the collection letter and the guard's disciplinary report easily satisfy the "some evidence" standard. *See, e.g.,*

*McPherson,* 188 F.3d at 786. Further, the evidence possesses "sufficient indicia of reliability" to assure us that the board's decision was not arbitrary. *See Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir.1996). That the collection letter left out one of the "e's" in "Gradeless" does not seriously call into question its reliability, especially when it is considered in light of the guard's report that Gradeless had asked the magazine to "Bill [him] later." *See Sylvester,* 140 F.3d at 715 (some evidence where letter claimed "Baye" plotted a riot, inmate was one of a few known as "Baye," and guard's conduct report linked letter and inmate by describing conversation in which inmate threatened a "demonstration"). The prison board heard and rejected Gradeless's assertions that the guard concocted the conduct report. We are not in a position nor are we required to second-guess such credibility determinations, *Hill,* 472 U.S. at 455–56, 105 S.Ct. 2768, and so the district court's decision is

AFFIRMED.